JOHN GEORGE

*vs.*

WASHINGTON COUNTY RAILROAD COMPANY.

Washington.   Opinion July 22, 1899.

*Railroad. Sub-Contractor. Lien. Notice. R. S., c. 51, § 141.*

The statute, R. S., ch. 51, § 141, authorizing laborers employed by contractors in building a railroad to maintain an action against the railroad company for unpaid wages, includes laborers employed by sub-contractors.

Though such laborers are to be paid monthly by the contractors employing them, they are not required by the statute to notify the railroad company

of the non payment of each month's wages within twenty days after the end of the month. It is sufficient if the notice be given within twenty days after the completion of their labor under their employment.

## AGREED STATEMENT.

The parties agreed to the following facts:

The plaintiff was a laborer on the defendants' railroad, working under the firm of Hilton and Watson, who were sub-contractors under E. J. Colley & Company, who were sub-contractors under William E. Kenefick, who was a sub-contractor under the J. P. McDonald Company, who were contractors with these defendants. He worked continuously for the same sub-contractors during June, July, August and September, 1898. July 27th, he received a time check showing sixty-five dollars as due him for his June labor. For the work done in July and August he received his pay in the usual and regular way. For the work done in September he received a time check for forty-five dollars and seventy-five cents.

He has not been paid for either his June or September labor. Within twenty days of his stopping labor on the railroad, he gave notice to the defendants and suit was commenced within six months thereafter.

*E. C. Ryder*, for plaintiff.

The purpose of R. S., c. 41, § 141, is to secure to the laborer, who labors for dishonest or unfortunate contractors, the wages he has earned, and the statute should be so construed as to give full effect to such purpose.

Mechanic's and laborer's lien statutes are remedial, and after the lien has once attached, are to be construed liberally to advance the just and beneficial object in view at the time of their enactment. 2 Jones on Liens, § 1556; 2 Houk on Liens, §§ 66, 68; *De Witt* v. *Smith*, 63 Mo. 263.

A lien attaches from the commencement of the work and embraces all the work done under such contract. 2 Jones on Liens, § 443; *Monroe* v. *West*, 12 Iowa, 119; *Jones* v. *Swan*, 21 Iowa, 181.

If the contract is a continuous one the limitation for notice commences on the date when the last work has been performed.    2 Jones on Liens, § 1443 ; *Boylan* v. *Steamboat Victory*, 4 Mo. 244; *Fulton Iron Works* v. *Centre Creek Mining & Smelting Co.*, 80 Mo. 265 ; *Ballou* v. *Black*, 17 Neb. 389 ; *Jones* v. *Swan*, supra.

The statute does not require notice to be given within the stipulated time after each item of the work is performed or each item of the materials furnished, but within the stipulated time after the labor has been completed or the last materials have been furnished.

When labor is performed under a contract by the month or year and the laborer continues beyond the term of the month or year, he is not required to give the statute notice within the required time after the expiration of each item of the month or year, but may file it within the proper time after the whole period of service.    2 Jones on Liens, § 1433 ; *Alford* v. *Hendrie*, 2 Mont. 115.

*W. R. Pattangall*, for defendant.

The statute does not mention employees of sub-contractors, much less sub-contractors in the third or fourth degree.    It was meant to apply, therefore, only to the principal contractors and their immediate employees.    This point was raised in *Blanchard* v. *Portland & Rumford Falls R. R. Co.*, 87 Maine, 246.    In that case the court said :    "It may not be out of place to add that the statute under consideration is not strictly remedial.    The correct rule is to neither extend nor restrict its operation beyond the fair meaning of the words used."

The point now raised was left undecided in that case.    Vide argument of defendant.    Ib.

The statute is in derogation of the common law and must be strictly construed.    *Lord* v. *Woodward*, 42 Maine, 497.

By a strict construction of the statute, the phrase "in their employment" can refer only to the laborers in the employment of the principal contractors ; therefore this plaintiff cannot hold the defendant company liable under the statute.

The legislatures of the several states have deemed it necessary to definitely distinguish between contractors and sub-contractors by inserting the word "sub-contractors" in the statute.

If the defendant company is liable at all, it is only liable for the labor performed by the plaintiff in the month of September. Although the plaintiff was continuously at work upon the railroad during the months of June, July, August and September, the labor for which this claim is made upon the defendant company was not continuous, and the close of the labor in June, for which claim is made, within the meaning of the statute, occurred on the last day of June, and no notice was served upon the treasurer of the defendant company within twenty days thereafter, as required by the statute.

The case here presented in many respects resembles that of a mechanic's lien, and the law governing it is subject to a similar construction.

Counsel cited: *Henry & Coatsworth Co.* v. *Bond*, 55 N. W. Rep. (Neb.) 643; *Buchanan* v. *Selden*, 43 Neb. 559; *Darrington* v. *Moore*, 88 Maine, 570; *Baker* v. *Fessenden*, 71 Maine, 294.

SITTING: PETERS, C. J., EMERY, HASKELL, WISWELL, SAVAGE, FOGLER, JJ.

EMERY, J. This action is based on R. S., ch. 51, § 141, which is as follows:—

"Sec. 141. Every railroad company, in making contracts for the building of its road, shall require sufficient security from the contractors for the payment of all labor thereafter performed in constructing the road by persons in their employment; and such company is liable to the laborers employed, for labor actually performed on the road, if they, within twenty days after the completion of such labor, in writing, notify its treasurer that they have not been paid by the contractors. But such liability terminates unless the laborer commences an action against the company, within six months after giving such notice."

I. The defendant company contends that the plaintiff is not within the statute, because, though a laborer on the railroad in the work of its construction, he was not in the direct employment of the firm or company with which the railroad made its contract,

but was in the employment of a sub-contractor once or twice removed. We have no doubt, however, that the plaintiff is plainly within the spirit of the statute. We said in *Rogers* v. *The Dexter and Piscataquis Railroad Company*, 85 Maine, 373, that the statute was plainly intended for the benefit of laborers. We now say, with the court of Massachusetts construing a similar statute, that the design of the statute was to give to the laborer a right of action, not only against the contractor who employed him, but also against the owners of the railroad whose structure received an added value from the labor furnished. *Hart* v. *Boston, Revere Beach & Lynn Railroad*, 121 Mass. 511;—also with the court of Appeals of New York, that it seems clear that the legislature intended to make provision for all laborers who should perform work in constructing the road for any contractor, whether such contractor entered into a contract immediately with the railroad company or with one who had thus contracted with that company. *Kent* v. *N. Y. Central R. R. Co.*, 12 N. Y. 632. Any other interpretation would nullify the statute. It is common knowledge that contracts for building railroads are nearly always taken in the first instance by construction companies or syndicates, who then let out the entire work in various divisions to sub-contractors, without themselves directly employing any laborers. The most, if not all the work of building the railroad, is thus done by laborers directly employed by sub-contractors. If these should be excluded from the statute by interpretation, its evident purpose would be defeated.

II. The defendant company further contends that the plaintiff should have given the statute notice within twenty days from the end of each month in order to recover of the railroad company his unpaid wages for that month, and hence cannot recover his wages for June. The statute, however, only requires him to give one notice and that within twenty days after the completion of the labor. This plaintiff worked continuously on the railroad during June, July, August and September under the same sub-contractor. He gave the notice within twenty days after the completion of those four months. This was sufficient. The statute makes no

requirement of any notice at stated times during the progress of the laboring. The notice given seasonably at the end relates back and covers all unpaid wages accrued since the beginning of the continuous employment. The unpaid wages in this case amount to $110.75.

<em>Judgment for the plaintiff.</em>